Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>AMÉRICO VEGA HERNÁNDEZ, et al.<br><br>Apelante | KLCE202300806 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Sobre: Cobro de dinero, Ejecución de hipoteca por la vía ordinaria<br><br>Caso Núm. ACD2014-0014 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Cintrón Cintrón y la Jueza Rivera Pérez.[1]

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

La Sra. Grace Monge La Fosse (Monge La Fosse o peticionaria), nos solicita que revoquemos la *Resolución* emitida el 15 de mayo de 2023,[2] por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). La aludida resolución, declaró *No Ha Lugar* la solicitud de la peticionaria y determinó que ésta carecía de legitimación activa en el pleito ACD2014-0014.

El referido dictamen fue objeto de una *Moción de Reconsideración* que el 5 de julio de 2023, se declaró *No Ha Lugar*.[3]

Examinada la naturaleza del recurso, lo acogemos como auto de *certiorari* y solicitamos el cambio de la identificación alfanumérica. Evaluados los planteamientos de las partes, resolvemos **denegar** el auto de *certiorari*.

---

[1] Se modifica la composición del Panel conforme a la Orden Administrativa OATA-2023-120 del 10 de julio de 2023, que designa a la Hon. Cintrón Cintrón para entender y votar en el recurso de epígrafe.
[2] Notificada el 17 de mayo de 2023.
[3] Notificada el 6 de julio de 2023.

Número Identificador

RES2023 _____

## -I-

El **14 de marzo de 2014** Banco Popular de Puerto Rico (BPPR o recurrido) incoó una demanda enmendada,[4] por cobro de dinero y ejecución de hipoteca contra los codemandados, Américo Vega Hernández y María Magdalena Castillo Morales.[5] El señor Vega Castillo contestó la demanda enmendada el 19 de junio de 2014.[6]

Luego de varios tramites procesales, el **12 de junio de 2017**,[7] el TPI dictó *Sentencia Sumaria* a favor de BPPR.[8]

Advenida dicha sentencia final y firme, el **14 de enero de 2022** la señora Monge La Fosse presentó *Aviso al Tribunal sobre la Cesión de Crédito Litigioso en Pago a Acreedora Grace Monge La Fosse.*[9] En síntesis, adujo, que se había efectuado una cesión del crédito litigioso por parte del señor Vega Castillo a la peticionaria en pago de su crédito.

En ese sentido, el **29 de marzo de 2022** la peticionaria presentó el documento *CESIÓN CRÉDITO LITIGIOSO A ACREEDOR EN PAGO DE SU CRÉDITO;*[10] y luego, el **8 de mayo de 2022** presentó: *MOCIÓN AL AMPARO DE LA REGLA 22.3 DE PROCEDIMIENTO CIVIL [...].*[11] En resumen, arguyó en favor de que se le acumulara en el pleito y se le concediera una vista argumentativa. El **15 de mayo de 2023** el TPI declaró *No ha lugar* las referidas solicitudes.[12] El aludido foro expresó:

> *[E]n el caso de autos se ha resuelto en múltiples ocasiones y así fue confirmado por el Tribunal de Apelaciones en los casos núm. KLAN202200365 y KLAN202200912, que la señora Monge La Fosse carece de legitimación activa. Así las cosas, no procede aplicarse la Regla 22.3 de Procedimiento Civil, 32 LPRA Ap.V. En cuanto a la prueba presentada para*

---

[4] La demanda se enmendó con el propósito de sustituir a los codemandantes Américo Vega Hernández y María Magdalena Castillo Morales por sus herederos: Américo, José y Ricardo de apellidos Vega Castillo. Además, se incluyó a Jonh Doe y Richard Roe como herederos desconocidos.
[5] Apéndice 2 del recurso del Peticionaria, págs. 6 – 8.
[6] Apéndice 3 del recurso del Peticionaria, págs. 10 – 11.
[7] El 28 de junio de 2017 se emitió una notificación enmendada.
[8] Apéndice 6 del recurso de la Peticionaria, págs. 36 – 46.
[9] Apéndice 7 del recurso de la Peticionaria, págs. 48 – 49.
[10] Apéndice 10 del recurso de la Peticionaria, págs. 73.
[11] Apéndice 16 del recurso de la Peticionaria, págs. 128 – 153.
[12] Notificada el 17 de mayo de 2023. Véase, Apéndice 17 del recurso de la Peticionaria, págs. 155 – 156.

*fundamentar el derecho de cesión de la señora Monge, determinamos que esta es insuficiente para determinar que posee legitimación activa para reclamar la aplicación de la figura sobre cesión de crédito litigioso. Cuando la señora Monge la notificó la cesión en autos, ya se había dictado sentencia, la cual es final y firme. Además, se llevó a cabo la ejecución de sentencia y subasta. Por tanto, el crédito cedido no puede catalogarse como litigioso al ya haber sido adjudicado mediante sentencia final y firme. Cónsono con lo anterior, denegamos incluir el nombre de la señora Monge La Fosse en el epígrafe y la vista argumentativa solicitada. [sic].[13]*

El **30 de mayo de 2023** la señora Monge La Fosse solicitó reconsideración,[14] y el **5 de junio de 2023** fue declarada *No Ha Lugar*.[15]

El **5 de julio de 2023**, la señora Monge La Fosse acudió ante nos y señaló el siguiente error:

*EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DENEGAR LA MOCIÓN DE REGLA 22.3 DE PROCEDIMIENTO CIVIL QUE PRESENTÓ LA CESIONARIA PARA QUE SE LE ACUMULARA COMO PARTE DEMANDADA TRAS LA CESIÓN DE INTERÉS QUE MEDIÓ ENTRE EL DEMANDADO–CEDENTE Y LA CESIONARIA.*

Con el beneficio de la comparecencia de las partes, damos por sometido el asunto.

**-II-**

El Tribunal Supremo de Puerto Rico ha señalado que el auto de *certiorari* es un vehículo procesal de carácter *discrecional* que permite a un foro judicial de mayor jerarquía revisar las determinaciones de un tribunal inferior.[16] Por carácter discrecional se entiende como el poder de decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción.[17]

Bajo el palio discrecional la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender y revisar las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

---

[13] *Id.*, pág. 156.
[14] Apéndice 18 del recurso de la Peticionaria, págs. 158 – 174.
[15] Notificada el 6 de junio de 2023. Véase, el Apéndice 19 del recurso de la Peticionaria, pág. 176.
[16] *Municipio Autónomo de Caguas v. JRD Construction, Inc., et al*, 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[17] *García v. Asociación*, 165 DPR 311, 321 (2005).

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].[18]*

Con el objetivo de que podamos ejercer nuestra facultad discrecional que nos ha sido delegada para entender o no en los méritos del recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, dispone:

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[19]*

El Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[20]*

---

[18] Regla 52.1 de las *Reglas de Procedimiento Civil* 2009, 32 LPRA Ap. V., R. 52.1.
[19] Regla 40 del *Reglamento del Tribunal de Apelaciones*, 4 LPRA Ap. XXII-B, R.40.
[20] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[21]

**-III-**

En el presente recurso *certiorari* la señora Monge La Fosse indica que, el TPI erró al denegar la moción de cesión de interés al amparo de la Regla 22.3 de Procedimiento Civil,[22] ya que la cesión del crédito litigioso por parte del señor Hernández Castillo le permitía ser parte del pleito. Por lo cual, solicita que se ordene la acumulación de la peticionaria en el caso de autos conforme a dicha Regla 22.3.

Resolvemos que el TPI ejerció su discreción sin abuso alguno o error manifiesto que nos impulse al intervenir con la Resolución recurrida. Conforme el derecho aplicable, este caso no presenta ninguna de las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos permita expedir el auto solicitado. Tampoco existe justificación alguna para intervenir con la Resolución recurrida, a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra.*

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).
[22] 32 LPRA Ap. V., R. 22.3.